**Joseph DREJERWSKI, et al.**

v.

**C.G. WILLIS, INC.**

**Civ. A. No. 82–3027.**

United States District Court, E.D. Pennsylvania.

June 25, 1984.

Joseph Lurie, Galfand, Berger, Senesky, Lurie & March, Philadelphia, Pa., for plaintiffs.

James W. Johnson, Hecker Rainer & Brown, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

KATZ, District Judge.

This maritime negligence case was tried before a jury in February, 1984. Plaintiff Joseph Drejerwski sued for injuries sustained while working on the deck of a barge owned by defendant. The jury found that defendant was negligent in using a smooth epoxy paint, rather than a non-skid paint, on the hatch cover of its barge and that this negligence was the proximate cause of Mr. Drejerwski's slip and fall and his resulting total and permanent disability. The jury also found that Mr. Drejerwski was not contributorily negligent. The jury awarded Mr. Drejerwski $567,246.72 in damages.

Defendant has made two post-trial motions which will be addressed separately.

First, defendant has moved for Judgment N.O.V. or, in the alternative, for a new trial. Defendant claims that on several issues the jury's verdict was unsupported by the evidence or was against the clear weight of the evidence.

■ (a) Defendant argues that plaintiffs produced *no* evidence indicating that the epoxy paint used on the hatch cover had a "latent characteristic" that was "activated" when wet and that made the surface unusually slippery. This contention is irrelevant because plaintiffs were not proceeding on such a theory. Instead, plaintiff contended and proved that defendant should have known that the epoxy paint would be dangerously slippery in inclement weather, and should have chosen a non-skid paint instead. Such a theory of negligence has nothing to do with "latent characteristics" that are "activated" by water.

(b) Defendant also argues that it could not have had constructive knowledge that the epoxy paint was dangerous because it had used the paint for years and never had any safety problems; the fact that it used non-skid paint on other barges does not establish negligence, since the standard of reasonable care does not require defendant to take every possible safety precaution.

■ There are several problems with this argument. For one thing, the occurrence of prior accidents was not the basis for charging defendant with constructive knowledge of the fact that epoxy paint is too slippery to be used safely on a surface where people will be working in inclement weather. Plaintiffs produced expert testimony to the effect that a reasonable barge owner would have used a paint with some abrasiveness on this kind of surface. This was evidence from which a jury could conclude that defendant should have known, i.e., had constructive knowledge, that the epoxy paint it used was too dangerously slippery for this type of surface. Defendant argues that plaintiffs' experts were not credible; however, credibility is an issue for the jury to decide.

■ Defendant is correct that it was not required to take every possible safety precaution; it was required to do what a reasonable barge owner would do under the circumstances. The fact that it used non-skid paint on other barges does not establish negligence, but neither does it preclude a finding of negligence. Plaintiff did present expert testimony as to what a reasonable barge owner would do; this provided ample support for the jury's finding of negligence.

(c) Defendant's next argument is that plaintiffs failed to prove that Mr. Drejerwski's back injuries were caused by his fall on the deck of the barge on December 17, 1981 rather than by the exertion of shoveling iron ore for six hours on January 7, 1982. Although plaintiffs did present expert witnesses who testified that Mr. Drejerwski's physical and emotional problems were caused by his fall, defendant argues that these experts did not consider whether Mr. Drejerwski's problems could have been caused by the January 7, 1982 strain. Thus their testimony should be entitled to little or no weight.

■ Plaintiffs respond that they only needed to prove that the slip and fall was a "substantial factor" in causing Mr. Drejerwski's injuries. Even if the later exertion while shoveling contributed to the injuries, there was sufficient evidence in the record to support the jury's finding that defendant's negligence was a substantial factor in causing Mr. Drejerwski's injuries.

(d) Defendant goes on to argue that the jury's finding that there was no contributory negligence was contrary to the weight of the evidence. Defendant's argument on this point is based on the court's failure to give certain requested instructions. Even assuming that that defendant is entitled to raise this issue now (defendant took no exception to the charge at the time of trial), defendant's contentions are without merit.

■ Defendant maintains that the jury should have been instructed that a deck made slippery by water, snow, or ice is not an unreasonable working condition. Such an instruction would have been confusing at best. It was a factual issue whether the deck was covered with a heavy layer of snow or ice, in which case Mr. Drejerwski might have slipped regardless of the type of paint used, or whether the deck was merely wet, or covered with a light dusting of snow, in which case the slipperiness of the epoxy paint might have been a factor in causing Mr. Drejerwski's fall. The requested instruction implies that Willis would not be liable if the deck was covered by water, snow, or ice, which is not correct. Moreover, the "reasonableness" of the

working conditions is different from whether Mr. Drejerwski was exercising reasonable care for his own safety when he walked across the deck, the issue of contributory negligence as to which the Court charged the jury. Plaintiffs produced evidence from Mr. Drejerwski and a co-worker who was present at the time that Mr. Drejerwski was walking cautiously across the hatch cover because he knew it was slippery. Defendant itself states, "the testimony is clear that plaintiff knew the hatch cover was slippery because that is why he was 'half-stepping.'" This is ample evidence to support a finding that plaintiff was not contributorily negligent, i.e., that he was exercising reasonable care for his own safety. Thus, the jury's finding of no contributory negligence was not contrary to the weight of the evidence.

■ Defendant also argues that the jury's failure to find contributory negligence resulted from the court's failure to give requested instructions to the effect that "Plaintiff is legally charged with knowledge of the fact that water, snow and ice will make working surfaces slippery." This was not an issue in the case, since plaintiffs never argued that Mr. Drejerwski didn't know this fact; furthermore, it certainly does not establish contributory negligence as a matter of law for a stevedore to walk on a wet hatch cover as part of his job. The jury was entitled to find, on the evidence presented in this case, that Mr. Drejerwski was acting with reasonable care when he decided to walk cautiously across an obviously slippery surface, while performing work that required him to walk across the hatch cover.

(e) Defendant's final argument is that the weight of the evidence shows that Mr. Drejerwski slipped on a layer of snow or ice and not on the paint. Defendant notes that after the accident Mr. Drejerwski told his doctors that he had slipped on ice, and told his employer he had slipped on snow. Defendant suggests that Mr. Drejerwski changed his story when this litigation commenced and that only his earlier representations can be found credible.

■ Plaintiffs produced testimony from the general foreman of the vessel dock that on the day of the accident, there was a light dusting of snow on the barge. Plaintiffs also produced the weather report for the area on that day, which showed that at the time of the accident less than four-hundredths of an inch of snow fell and the temperature at the time of the accident was around 35 degrees. The jury's finding was not contrary to the weight of the evidence.

Defendant has also filed a post-trial Motion to Invoke its Limitation Defense. It is brought in accordance with 46 U.S.C. § 183(a), which provides:

> The liability of the owner of any vessel ... for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner ... shall not ... exceed the amount or value of the interest of such owner in such vessel, and his freight then pending.

■ In order to limit its liability under 46 U.S.C. § 183(a), the defendant shipowner has the burden of proving that it lacked "privity or knowledge" of the negligence found by the jury. *In re Marine Sulphur Queen*, 460 F.2d 89 (2d Cir.), *cert. denied*, 409 U.S. 982, 93 S.Ct. 326, 34 L.Ed.2d 246 (1972); *Matter of State of La., Dept. of Highways*, 455 F.Supp. 272 (D.C.La.1978). "Knowledge" of the owner includes both actual and constructive knowledge. If a shipowner knew *or should have known* that a certain condition existed, he may not limit his liability for damage caused by that condition. *See Complaint of Bankers Trust Co.*, 651 F.2d 160, 169 (3d Cir.1981): "[A] shipowner is responsible for unseaworthiness of his vessel only if he has knowledge, or, in the use of ordinary care, *should have* knowledge of that condition." (Emphasis added.)

Defendant argues that, prior to the accident, its Vice President for operations, Mr. Paven, had no reason to suspect that the epoxy paint used on the hatch cover made it too slippery. C.G. Willis had used this paint before, with no indications of safety problems. Thus it lacked "privity or knowledge" of the unsafe condition.

Defendant relies on *Complaint of Bankers Trust Co.*, 651 F.2d 160 (3d Cir.1981) in support of its argument. There, the Third Circuit decided that a shipowner had no "privity or knowledge" of a defect in the vessel's astern guardian valve, because the owner was advised by experts that the valve had been fixed and for the next 4½ years it seemed to perform perfectly. The court found, as a matter of law, that the shipowner "made every reasonable effort necessary to assure the valve was properly repaired." 651 F.2d at 171. The court further explained that the shipowner's efforts would appear insufficient only if one viewed them in hindsight, focusing on a few isolated events and proceeding "as if a reasonable person had no other responsibilities or phenomena or events to observe other than those incidents now carefully isolated and focused on through this hindsight perspective." 651 F.2d at 170. Similarly, Willis argues that the unsuitability of epoxy paint for hatch covers is apparent only in hindsight, and that Willis had no "realistic notice of a deficiency" in the paint. At an evidentiary hearing on Willis's Motion to Invoke its Limitation Defense, Willis again offered the testimony of Mr. Paven, who again stated that he had used this type of paint for many years and had never had reason to think it was unusually slippery. Willis argues that it lacked "privity or knowledge", and thus is entitled to limit its liability.

*Complaint of Bankers Trust Co.* is not on point, because in that case the court found that the shipowner made "every reasonable effort" to ensure the safety of the vessel, and was *not* negligent. Since the shipowner acted reasonably, the court rejected the argument that it "should have known" of the unsafe condition.

However, the evidence in this case shows, and the Court finds, that Willis did not make reasonable efforts to make the hatch cover reasonably safe by using non-skid paint. The evidence shows that Willis' management had reason to know that the

epoxy paint it used was too slippery to be used safely. Plaintiff presented ample expert testimony that a reasonable barge owner would not use the type of paint defendant's Vice President selected.

■ The jury found that defendant was negligent and that this negligence was the proximate cause of Mr. Drejerwski's injuries. On my independent review of the evidence in this case, I make the same finding. That finding of negligence means that defendant *should have known* that smooth epoxy paint created an unsafe slippery surface on the barge's hatch cover. Hence, defendant cannot establish that, for the purposes of invoking its limitation of liability defense, it lacked "privity or knowledge" of the unsafe condition that caused the accident.

For the reasons explained above, both of defendant's motions will be denied.